IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>ex rel. United States Postal Service, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>LEANDA JOANNE PRATHER, )<br>)<br>Defendant. ) | Civil Action No.   19-CV-228-RAW |

## COMPLAINT

The Plaintiff, the United States of America ex rel. the United States Postal Service (hereinafter the "United States"), by and through Brian J. Kuester, United States Attorney for the Eastern District of Oklahoma, and Jason Poe, Assistant United States Attorney, for its Complaint against Leanda Joanne Prather, an individual, alleges and states:

### JURISDICTION, VENUE & THE PARTIES

1. This action arises under the False Claims Act, 31 U.S.C. § 3729-3733, and includes common law theories of unjust enrichment and payment by mistake.

2. This Court has jurisdiction under 28 U.S.C. § 1345 and 31 U.S.C. § 3730(a).

3. Venue is proper in this Court because a substantial part of the events giving rise to the claims described herein occurred within the Eastern District of Oklahoma. 28 U.S.C. §1395 (a).

4. Plaintiff is the United States of America, on behalf of the United States Postal Service ("Postal Service").

5. Defendant is Leanda Joanne Prather, a former Postal Service employee who at all times material to this Complaint, was employed as a clerk and assigned to the post office in Eufaula, Oklahoma.

## LEGAL BACKGROUND

6. The Federal False Claims Act provides for monetary damages and civil penalties plus three times the amount of damages when a person knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval.

7. The common law theories of unjust enrichment and payment by mistake allow the government to recover funds that were obtained by a person under erroneous circumstances.

## FACTUAL ALLEGATIONS

8. The United States adopts and incorporates by reference paragraphs 1-7 above as if fully set forth herein.

9. In November 2016, Postal Service investigators reviewed national refund data for all post offices.

10. The refund data was reviewed to identify offices with high total refund dollars and high refunds as a percentage of revenue.

11. Nationwide, a typical post office had refunds that were approximately 1% of postage sales revenue. In 2015, the Eufaula post office had $3,435.00 in refunds or about 1% of its revenue.

12. However, in 2016, the numbers for Eufaula increased to $22,564.00 or approximately 6% of its revenue. This 6% of revenue calculation caused the office to stand out as one of the highest in the country and one of the highest for an office of its size.

13. Based on the foregoing information, Postal Service investigators and auditors conducted an audit at the Eufaula post office in March 2017.

14. The auditors examined a sample of 91 refunds valued at over $13,000 and determined that one clerk, the Defendant, was responsible for 99% of the refunds and that 89 of

the 91 refunds had no supporting documentation such as a Postal Service Form 3533 "Application for Refund of Fees, Products, and Withdrawal of Customer Accounts" ("Form 3533").

15. Upon information and belief, the Defendant allegedly circumvented the refund system at the Eufaula post office by submitting multiple refunds for cash payments in a matter of seconds. Instead of issuing a "no fee money order" ("NFMO") (as typically would be required), the Defendant was able to manipulate the system by submitting concurrent claims for refunds of less than $25.00 to avoid having to issue the NFMO.

16. Postal Service investigators' analysis of refund data showed that between October 1, 2014 to April 17, 2015, which was the time period before the Defendant was assigned to the Eufaula post office, the Eufaula post office processed two cash refunds for a total of $24.21.

17. In contrast, during the Defendant's employment at the Eufaula post office between April 18, 2015 to January 4, 2017, the Defendant processed 1,352 total refunds with a combined cash refund amount of $24,568.85.

18. During this same time period, all other clerks at the Eufaula post office combined processed only 11 refunds for combined total cash refund amount of $110.45.

19. The Defendant resigned from the Eufaula post office on or about January 5, 2017, and from that point until April 21, 2017, the Eufaula post office processed a mere four refunds with a combined total cash refund amount of $59.75.

20. Upon information and belief, the Defendant kept for her own personal benefit the amounts referenced above while she was employed at the Eufaula post office.

## Claims

### False Claims Act, 31 U.S.C. § 3729(a)(1)

21. Paragraphs 1-20 of this Complaint are hereby re-alleged and incorporated as though set forth in full herein.

22. By reason of the foregoing, the Defendant knowingly presented or caused to be presented false or fraudulent claims for cash refunds.

23. The Postal Service, unaware of the foregoing circumstances and conduct of the Defendant, and in reliance on said false or fraudulent claims, made payments which resulted in it being damaged in an amount of $24,568.85.

24. By reasons of the false and fraudulent claims, the Defendant allegedly violated the False Claims Act, 31 U.S.C. § 3729(a)(1).

### Unjust Enrichment

25. Paragraphs 1-24 of this Complaint are hereby re-alleged and incorporated as if set forth in full herein.

26. As described above, the Defendant obtained funds from the United States.

27. The Defendant was and is not entitled to these funds, and was and is unjustly enriched.

### Payment by Mistake

28. Paragraphs 1-27 of this Complaint are hereby re-alleged and incorporated as if set forth in full herein.

29. By reason of the foregoing, the United States made payments for non-existent cash refunds which included amounts paid to the Defendant in reliance on an erroneous belief that the payments contained no such amounts. The erroneous belief was material to the Postal Service's

decision to make the payments. Consequently, the United States is entitled to recover the amount of the mistaken payments.

## PRAYER

**WHEREFORE**, by reason of the foregoing, the United States requests that a judgment be entered in its favor, to make it whole, against Defendant as follows:

(a) For damages in excess of $10,000.00, treble damages and civil penalties as allowed by law, plus interest and costs; and

(b) For all other relief to which the United States may be entitled.

Respectfully,

BRIAN J. KUESTER
United States Attorney

s/Jason Poe
JASON POE
Assistant U.S. Attorney
520 Denison Avenue
Muskogee, Ok 74401
(918) 684-5110
918 -684-5130 – fax
jason.poe@usdoj.gov